UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SHERENE LAMBE,

    Plaintiff,

v.

ALLGATE FINANCIAL, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff hereby sues Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.* and states the following.

1. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. All facts giving rise to this action occurred in Miami-Dade County, Florida.

4. Plaintiff is a natural person alleged to owe a consumer debt to Defendant.

5. At all times material to this action, Defendant was a debt collector who brought a collection case against Plaintiff in state court in Miami-Dade County ("the collection case").

6. Defendant is a debt collector as defined by the FDCPA.

7. During the course of the collection case, Defendant filed and served at least one court document (Response to Motion to Dismiss) that failed to disclose that it was a communication from a debt collector. Such conduct is a violation of § 1692e which, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> [...]

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

8. As set forth in footnote 5 of *Miljkovic v. Shafritz and Dinkin, PA*, 791 F.3d 1291 (11th Cir. 2015) discussing the application of § 1692e(11) to court documents:

> See Black's Law Dictionary 1339 (10th ed.2014) (defining a "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses," such as "the plaintiff's complaint and the defendant's answer").

In other words, the court documents at issue are not "pleadings" and therefore not exempt for 1692(e)(11).

9. Court documents (other than pleadings) in a consumer collection case fall within the FDCPA's definition of "communication" pursuant to 1692(a)(2) which provides:

> The term "communication" means the conveying of information regarding a debt ***directly or indirectly to any person*** through ***any medium***.

(Emphasis added).

10. The foregoing consumer collection activities harmed Plaintiff's rights under the FDCPA.

## COUNT I

11. The allegations made in paragraphs 1 – 10 are hereby re-alleged and incorporated by reference.

12. The consumer collection activity alleged *supra* violates § 1692e(11) of the FDCPA.

13. Pursuant to § 1692k of the FDCPA Plaintiff possesses a claim against Defendant for actual and statutory damages and costs and attorney's fees based on its violations of the FDCPA.

**WHEREFORE**, Plaintiff demands judgment against Defendant pursuant to § 1692k of the FDCPA, and providing any such further relief the Court deems just and equitable.

/s/ *[signature]*

Bruce B. Baldwin, Esq. FBN 493023
Debt Defense Law
6915 Red Road, Suite 200
Coral Gables, Florida 33143
Tel.: (305) 444-4323
service@debtdefenselaw.com