UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24407-GAYLES

**SHERENE LAMBE,**
    **Plaintiff,**

v.

**ALLGATE FINANCIAL, LLC,**
    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Allgate Financial, LLC's Motion to Dismiss Complaint [ECF No. 14]. The Court has reviewed the Complaint, the briefs and supplemental filings of counsel, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the motion to dismiss is granted.

**I.**    **BACKGROUND**

According to the allegations in the Complaint, Defendant is a debt collector who brought a collection case against Plaintiff in state court. [ECF No. 1 ¶¶ 5–6]. Plaintiff moved to dismiss Defendant's collection case in state court. Defendant responded to Plaintiff's motion to dismiss but failed to disclose that it was a debt collector in that response. [*Id.* ¶ 7]. Plaintiff brought the instant action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that Defendant's response to Plaintiff's motion to dismiss the state court collection case constituted a communication in violation of 15 U.S.C. § 1692e. Plaintiff seeks actual and statutory damages as well as attorney's fees and costs under § 1692k of the FDCPA.

Defendant filed the instant Motion, arguing that Plaintiff lacks the requisite standing to pursue a claim under the FDCPA and that Plaintiff has failed to state a claim under the FDCPA. [ECF No. 14 at 2, 4]. Plaintiff's Response and Defendant's Reply timely followed. [ECF Nos. 22 & 33].

## II.     LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[2] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Because Defendant challenges whether Plaintiff has standing based on filings in state court, Defendant's motion launches a factual attack on the Court's subject matter jurisdiction. Notwithstanding whether the challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the

---

[1] Defendant's motion is also brought, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that it lacks subject matter jurisdiction over this action, there is no need to recite the legal standard governing such a motion.

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

### III. DISCUSSION

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating that she has standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. —, —, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). As standing is a threshold determinant, the plaintiff must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

At issue here is whether Plaintiff has suffered an injury in fact. "A plaintiff has injury in fact if he suffered an invasion of a legally protected interest that is concrete, particularized, and actual or imminent." *Nicklaw*, 839 F.3d at 1002. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. "[I]ntangible injuries," including statutory violations, "may satisfy the Article III requirement of concreteness." *Nicklaw*, 839 F.3d at 1002. In *Spokeo*, the Supreme Court explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." 136 S. Ct. at 1549. "[A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has

3

identified." *Id.* However, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*; *see also Nicklaw v. CitiMortgage, Inc.*, 855 F.3d 1265, 1268 (11th Cir. 2017) (Pryor, J., respecting the denial of rehearing en banc) ("[T]he violation of a legal right alone does not satisfy the concrete injury requirement.").

> Plaintiff bases her claim on a provision of the FDCPA, which reads:
>
> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). Plaintiff contends that Defendant violated her statutorily conferred right to a disclosure warning when Defendant failed to include this warning in its response to Plaintiff's motion to dismiss the debt collection action in state court. Relying on *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (11th Cir. 2016) (per curiam), Plaintiff argues that Defendant's violation of § 1692e(11) confers standing. In that case, the plaintiff brought a claim under § 1692e(11) based on the defendant's alleged failure to provide disclosures in a debt collection letter. A panel of the Eleventh Circuit concluded that the plaintiff had standing to sue, as "Congress provided [the plaintiff] with a substantive right to receive certain disclosures [under the FDCPA] and [the plaintiff] ha[d] alleged that [the defendant] violated that substantive right." *Id.* at 995 n.2. Because the plaintiff did not receive the disclosure to which she was entitled, she suffered a concrete injury. *Id.; see also Nicklaw*, 839 F.3d at 1002 ("[A] plaintiff who alleges a violation of a statutory right ***to receive information*** alleges a concrete injury." (emphasis added)). *Church* is one of many cases involving so-called "informational standing," in which a plaintiff has standing because she seeks to enforce a statutory disclosure requirement. Other

informational standing cases include *FEC v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440 (1989), in which the Supreme Court found that plaintiffs had informational standing to sue related to purported violations of the Federal Election Campaign Act and the Federal Advisory Committee Act, respectively. *See also Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1342–43 (S.D. Fla. 2016) (discussing informational standing), *appeal dismissed*, No. 16-16743 (11th Cir. June 26, 2017).

Although § 1692e(11) provides a right to receive certain disclosures, the same subsection specifies that the disclosure requirement "***shall not apply*** to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11) (emphasis added). For present purposes, this means that while a violation of the FDCPA's disclosure requirement can confer standing, there can be no violation—and thus no injury—if the document at issue falls under this exception, because Plaintiff would be alleging that Defendant violated the FDCPA by not disclosing information she was not, in fact, entitled to receive.

The Eleventh Circuit has not defined what constitutes a formal pleading for purposes of this subsection. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 n.6 (11th Cir. 2015) ("We need not determine whether the sworn reply filed by Appellees is, in fact, a 'procedural filing' or whether a 'procedural filing' would or could never qualify as a 'formal pleading' under § 1692e(11) because the instant appeal does not implicate the particular requirements of that subsection."). However, because this case ***does*** implicate the particular requirements of § 1692e(11), the Court must determine whether Defendant's response to Plaintiff's motion to dismiss qualifies as a formal pleading under the exception. However, the Court need not define the precise meaning of "formal pleading" left vague by Congress to make this determination.

Plaintiff relies on *Black's Law Dictionary*, which defines a pleading as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." "Pleading," *Black's Law Dictionary* (10th ed. 2014). Although *Black's Law Dictionary* states that the main pleadings in federal procedure are the complaint and the answer, it also implies that demurrers—now termed motions to dismiss—and responses to demurrers are pleadings, as well. *See id.* (explaining that pleadings are the formal documents within the process of "arriv[ing] at an issue, that is, some specific point of law, or fact, affirmed on one side and denied on the other" (quoting Sabin D. Puterbaugh, *Puterbaugh's Common Law Pleading and Practice* 36–37 (3d ed. 1873))). Under this implication, Defendant's response to Plaintiff's motion to dismiss in state court would fall under § 1629e(11)'s exception, as the point in contention was whether the state court action should be dismissed, and Defendant responded in support of its complaint.

Dictionary definitions aside, though courts have not specifically addressed whether responses to motions to dismiss are pleadings, they have characterized several other types of documents as formal pleadings under this provision. *See McKee v. Ingram Law Office, LLC*, No. 15-1201, 2016 WL 6157807, at *4 (N.D. Ala. Oct. 24, 2016) (finding that an attorney's notice of appearance and motion to revive judgment constituted formal pleadings); *see also Townsend v. Quantum3 Grp., LLC*, 535 B.R. 415, 423–24 (M.D. Fla. 2015) (finding that proofs of claim filed by debt collector to recover from debtor in a bankruptcy proceeding qualified as formal pleadings under the FDCPA); *Bohannon v. LVNV Funding, LLC*, No. 14-0354, 2015 WL 893362, at *4 (E.D. Va. Mar. 2, 2015) (finding that affidavits attached to warrants in debt fall under the FDCPA's formal pleading exception); *Lilly v. RAB Performance Recoveries, LLC*, No. 12-0364, 2013 WL 4010257, at *4 (E.D. Tenn. Aug. 5, 2013) (finding that a sworn affidavit attached to a civil warrant is a formal pleading under the FDCPA).

The exception has also been interpreted in keeping with logical principles. One court explained the formal pleading exception as "Congress attribut[ing] to the debtor the common sense to know that when a creditor sues him, the creditor wants to collect the debt, and that what the debtor tells the creditor can be used in the collection case." *Bohannon*, 2015 WL 893362, at *4; *see also Motherway v. Gordon*, No. 09-5605, 2010 WL 2803052, at *3 (W.D. Wash. July 15, 2010) (stating that it would be "fundamentally nonsensical" to find that motions for summary judgment are not covered by the formal pleading exception).

Given the above examples, this Court cannot fathom how a response to a motion to dismiss could be considered anything but a formal pleading. As such, the Court finds that Defendant's response to Plaintiff's motion to dismiss the state court collection case is a formal pleading for purposes of § 1629e(11). And because the response is a formal pleading, Plaintiff has failed to allege that Defendant violated the FDCPA. Absent this violation, and absent any other allegations that she suffered an injury in fact, Plaintiff lacks standing to bring this action.

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 14] is **GRANTED**. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE